CORNELL *et al. v.* MAYOR, ETC., OF CITY OF NEW YORK.

(*Supreme Court, Special Term, New York County.* October, 1892.)

1. WHARVES—USE AS DUMPING GROUND—NUISANCE—INJUNCTION.
    An injunction will not be granted to restrain a city *pendente lite* against the maintenance of an offal dump on a certain pier, where it is uncertain whether the odors arising from the pier are such as to constitute a nuisance, or, if so, whether they do not result from a street-cleaning dump on the same pier, maintained by express legislative authority; and where, also, it does not appear that full compensation might not be awarded in damages.

2. SAME—AUTHORITY TO DESIGNATE.
    The power of a dock department of a city to set aside, at the request of the health department, a pier to be used for an offal dump, cannot be inferred from the fact that, without such pier, the health department would be unable to discharge its duties as to the removal of offal, in cases where a nuisance would thus be created resulting in special injury to individuals; but the power must be conferred by express legislative authority.

Application for injunction by John M. Cornell and others against the mayor, aldermen, and commonalty of the city of New York. Denied.

*Isaac L. Egbert,* for plaintiffs. *William H. Clark,* for defendant mayor, etc. *H. Steinert,* for defendants Wilson and others.

BEACH, J. This is an application in equity for an order restraining the defendants *pendente lite* from using the premises or pier at the foot of West Thirtieth street, North river, or the bulkhead, dock, or lands adjacent thereto, for the purposes of a dumping ground for offal, or for the receipt for transportation of dead or diseased animals, offal, or any other putrid matter or material. The papers show that on the pier complained of there have been located a street-cleaning dump and the offal dock and dump; that the street-cleaning dump occupies the north side of the pier, nearest to Thirteenth avenue, for a space of 250 feet; and that the offal dock and dump occupy the outer portion of the pier towards the river. With respect to the portion of the pier used as a street-cleaning dump, no complaint is made. Under express legislative authority granted to the department of docks, it has desig-

nated and devoted a portion of the pier to the uses of the street-cleaning department.   By section 566 of the consolidation act, full and exclusive power in respect to the removal of night soil, dead animals, offal, impure meats, and other refuse matter in the city is conferred on the board of health, which is authorized to make contracts with any responsible person for the removal thereof.   Pursuant to such authority, the health department entered into a contract with certain contractors, and by the terms of the contract agreed to have a dock assigned so that the removal of offal, dead animals, etc., could be secured.   Upon request of the health department, the dock commissioners assigned the use of the portion of pier 60 described for such uses and purposes. I do not understand that any complaint is made in respect to the manner in which the contractors discharge their duty; it being made to appear that every precaution has been taken to render the use of the pier as inoffensive as is consistent with the nature and character of the material handled upon the pier.   It is insisted, however, that the uses and purposes to which the pier is thus devoted, and the acts complained of, constitute a public nuisance, from which special injury results to the plaintiffs, and that, in the absence of any express authority in law for the designation and use of the premises in question for the purposes shown, the defendants have exceeded their authority under the law in making such designation and permitting such nuisance. As stated in the opinion of the general term of this court in *Morton* v. *Mayor*, (Sup.; filed June, 1892,) 19 N. Y. Supp. 603: "It is well settled that a private individual must use his own property in such manner as not to injure the property of his neighbor; and the same rule has been applied to the corporation of the city of New York, it having been held that it has no greater right to maintain a nuisance on its land than a private person possesses. *Brower* v. *Mayor*, 3 Barb. 257; *Griffin* v. *Mayor*, 9 N. Y. 456.   And in the case of *Noonan* v. *City of Albany*, 79 N. Y. 476, it is expressly held that a municipal corporation has no immunity from legal responsibility for creating or maintaining a nuisance."

With respect to the right of an individual or private corporation to maintain a nuisance claimed to be authorized by legislative grant, the rule is thus stated in *Cogswell* v. *Railroad Co.*, 103 N. Y. 21, 8 N. E. Rep. 537: "But the statutory sanction which will justify an injury to private property must be express, or must be given by clear and unquestionable implication from the powers expressly conferred, so that it can fairly be said that the legislature contemplated the doing of the very act which occasioned the injury. This is but an application of the reasonable rule that statutes in derogation of private rights, or which may result in imposing burdens upon private property, must be strictly construed.   For it cannot be presumed, from a general grant of authority, that the legislature intended to authorize acts to the injury of third persons where no compensation is provided, except upon condition of obtaining their consent.   This construction of statutory powers applies with peculiar force to grants of corporate powers to private corporations which are set up as a justification of corporate acts to the detriment of private property."   It was further held in that case that no presumption of such right arises from a general grant of authority; that where the terms of a statute are not imperative, but permissive, the discretion must be exercised in strict conformity to private rights, and the statute confers no authority to commit nuisance, though the right conferred cannot otherwise be exercised.

This rule has recently been applied in this court to the cases of *Morton* v. *Mayor*, already referred to, and *Hill* v. *Mayor, etc.*, 18 N.Y. Supp. 399, affirmed at the March general term (1892) of this court.   The former case, which was an action for damages, is a strong authority in favor of plaintiff's contention that legislative authority must be express, and will not be presumed.   The case of *Hill* v. *Mayor*, which was, like this, an action for an injunction, was decided upon the ground that express authority was conferred upon the de-

partment of docks to designate a pier for the use of the street-cleaning de-. partment. There has not in this case, however, been pointed out any express legislative authority which gives to the department of docks the right, upon the request of the department of health, to set aside a pier to be used by the department of health for the purposes of the department, where such use would constitute a nuisance, and result in special injury to individuals. It is true that it would be impossible for the department to discharge its duties without having a pier from which offal and dead animals could be removed; and thus a strong argument is furnished in support of the view that the authority for such use is to be implied from the general power conferred upon the department of health to have full and exclusive control over the removal of such offal and dead animals. In view, however, of the strict construction to be given to statutes in derogation of private rights, such implied power is by no means clear; and, were this motion to depend alone upon this consideration, I should be inclined to the view that it is not given by such clear and unquestionable implication from the powers expressly conferred as that it can be fairly said that the legislature contemplated the doing of the very act here complained of, in the very manner and at the very place which occasions the injury to the plaintiffs.

Upon this motion for a preliminary injunction, however, we think that there are two considerations which should prevent the issuing of an injunction during the pendency of the action. The first is that a question, and a serious one, is presented upon the conflicting affidavits whether the odors or smells arising from the pier are of such a noxious or offensive character as to constitute a nuisance; and, assuming that they can be thus characterized, doubt is created as to whether such smells or odors result from the portion of the pier used by the street-cleaning department, or that portion occupied by the contractors of the board of health. If from the former, it could not be held to be a nuisance, in view of the express legislative authority under which it is maintained; and it is only upon a clear showing that the injury results from an illegal use of the pier that the plaintiffs would be entitled to any relief.

Again, it should be remembered that the mere fact that injury may result to the plaintiffs of itself is not sufficient, as against a municipal corporation, or a department thereof, while engaged in discharging in a careful manner the duties and obligations imposed upon it, to justify a court of equity in restraining by injunction the performance of such duties; but it is only in cases where the injury is irreparable that such relief will be accorded. It will be seen that in the cases of *Cogswell* v. *Railroad Co.*, *supra*, and in *Morton* v. *Mayor*, these were actions for damages; and it was held that such actions could be maintained either against a private corporation or a municipal corporation for maintaining a nuisance without express legislative sanction. Where, however, it is a question simply of damage for which compensation can be made, a court of equity is loath to extend extraordinary relief by way of injunction, and thus prevent the exercise of acts which are in the highest degree beneficial to the residents and citizens of the community. Thus, in this case, assuming the offal dump to be a nuisance maintained without legislative sanction, it should only be upon the clearest and most satisfactory evidence that the court would be justified in enjoining the performance of a duty which is so nearly connected with the preservation of the health and wellbeing of an entire community. If this pier cannot be used, then no greater authority could be found for the use of any other pier, and the position would be present of the health board being unable to carry out in an important particular a work which is conducive and necessary to the preservation of the public health.

While, therefore, if a case had been presented upon such clear and satisfactory evidence that the court would be bound to conclude that the maintenance of the offal dump upon this pier was a nuisance maintained without

express or implied legislative authority, and that its maintenance resulted in irreparable damage to the plaintiffs, then, unquestionably, nothing would remain for the court to do but to grant the relief by way of injunction, leaving the remedy for such a crying evil to be supplied by an application by the municipal authorities to the legislature for sufficient authority to carry out the duties imposed upon them. After examining the papers presented upon the motion, I am not fully satisfied that the injury of which the plaintiffs complain is the result solely of the use of the pier as an offal dump, nor am I satisfied that it is so irreparable that adequate compensation could not be made them by way of damages. It may be that upon the trial such proof will be presented; but in the mean time, and for the reasons given, I am of opinion that no injunction should issue, and that this motion therefor should be denied, without costs.