ASBURY LESTER, Appellant, *v.* THE MAYOR, ALDERMEN AND COM-MONALTY OF THE CITY OF NEW YORK, Respondent.

*Temporary annoyance to an owner of real estate caused by building on an adjoining lot — creates no claim for damages — aqueduct commissioners not the agents of the city of New York.*

Temporary annoyances caused to the owners of lots adjoining one on which new buildings are being erected or extensive improvements made, where no trespass is committed, and the work is prosecuted with care and diligence, do not give to such owners of adjoining lots a legal cause of complaint for consequential injuries caused by the prosecution of the work necessary in the erection of the buildings or the completion of the improvements.   Such temporary use of property is legitimate.

Under the provisions of chapter 490 of the Laws of 1883, the aqueduct commis-sioners of the city of New York are not the agents of the city, which has no control over the manner of doing the work provided for in such act.

APPEAL by the plaintiff, Asbury Lester, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 18th day of May, 1894, upon the dismissal of the complaint directed by the court upon a trial before the court and a jury at the New York Circuit.

Pursuant to chapter 490, Laws of 1883 (the Aqueduct Act), the city of New York, by the aqueduct commissioners, on the 3d of February, 1886, entered into a written contract with John Brunton & Co., by which the latter agreed to construct section No. 14 of the new aqueduct, extending from One Hundred and Thirty-fifth street at Convent avenue to One Hundred and Sixty-second street at Tenth avenue. The only provisions of the contract which are germain to this litigation are the third and fifth, which are as follows:

" 3. Sufficient ground is to be furnished by the city at or near the shafts for the establishment of the working plant, but no material from the shafts or from the tunnel shall be dumped thereon. All excavated material is to be removed by the contractor, who must furnish the necessary dumping grounds for the same. The cost of such removal and of procuring such dumping ground is to be included in the price herein stipulated for shaft and tunnel excavation. And the contractor, at his own expense, must provide sufficient and proper drainage for all water discharged from the shafts and tunnel."

" 5. The contractor, whenever so ordered, shall erect and maintain fences along the streets, roadways and around the grounds occupied by him. These fences must be of such a character as to be sufficient, in the opinion of the engineer, for the protection of the adjoining property."

At some time, the date not appearing, the city acquired, under chapter 490 of Laws of 1883, a lot 100 feet square, at the southeast corner of Tenth avenue and One Hundred and Fifty-seventh street, for the purpose of constructing the aqueduct. Since June 20, 1884, the plaintiff has owned and occupied a lot twenty-five feet wide and 100 feet deep on the south side of One Hundred and Fifty-seventh street and adjoining on the east said lot owned by the city. In 1885 the plaintiff built on his lot a three-story frame building in which he has since resided. In January, 1886, the contractors entered on the lot owned by the city for the purpose of

executing the contract, and erected blacksmith forges, sheds, steam engines, drills and various kinds of machinery and structures for the purpose of sinking a shaft known as No. 29 to facilitate the construction of the aqueduct.    During the years 1886, 1887, and part of 1888, this machinery was run day and night, Sundays included, causing loud and disagreeable noises, creating smoke, dust and disagreeable odors which greatly annoyed the plaintiff and his family and reducing the rental value of his property, as is asserted, more than $1,000 per year.    The plaintiff presented his claim to the comptroller, who refused to pay it, and July 12, 1892, this action was brought, which resulted in a nonsuit on which a judgment was entered dismissing the complaint, with costs.

*James A. Deering*, for the appellant.

*William H. Clark*, for the respondent.

FOLLETT, J. :

It is not alleged in the complaint, nor was it proved on the trial, that the site selected for the work was an improper one, that the work was negligently performed, or that any of the structures or machinery were unnecessary.    In short, there is no allegation or evidence that the aqueduct commissioners, or any of the defendant's agents, or the contractors or their servants, were negligent.    Nor is there any allegation or evidence that trespasses were committed on the plaintiff's premises.    Before this action was begun the work complained of had been completed, the structures removed, and the lot owned by the city had been sold, but to what uses it has since been put does not appear.    The undisputed evidence shows that the structures and work complained of were temporary, all necessary for the construction of the aqueduct authorized by chapter 490, Laws of 1883.    Temporary annoyances are almost invariably caused to the owners of lots adjoining one on which new buildings are being erected or extensive improvements made, and in case no trespass is committed, and the work is prosecuted with care and diligence, the owners of adjoining lots suffering temporary inconveniences have no legal cause for complaint for consequential injuries caused by the prosecution of the work necessary to erect the buildings or to complete the improvements.    Such temporary use of property is legitimate, and affords no ground for damages to an abutting owner who

sustains consequential damages by temporary annoyances not negligently caused and not amounting to trespasses.   Any other rule would render the improvement of property in cities unduly expensive and well nigh impossible.   This case does not fall within the principle declared in *Morton* v. *The Mayor, etc.* (65 Hun, 32 ; affd., 140 N. Y. 307), but within the class of cases of which *Radcliff* v. *The Mayor* (4 N. Y. 195), *Bellinger* v. *The N. Y. Central R. R. Co.* (23 id. 42), and *Atwater* v. *Trustees* (124 id. 602) are types. (See, also, Dillon Mun. Corp. [4th ed.] § 987 *et seq.*)

In *Morton's* case a permanent structure was erected which was held to be a nuisance, causing permanent injuries to the plaintiff's property.   The rule *damnum absque injuria* is applicable to this case.   (Broom's Leg. Max. 184; Shear. & R. Neg. [4th ed.] §§ 283, 299 and cases cited.)

Again, in an action arising under the Aqueduct Act, it was held that the aqueduct commissioners were not the agents of the city, and that it had no control over the manner of doing the work.   (*O'Brien* v. *Mayor*, 15 N. Y. Supp. 523 ; affd., 65 Hun, 112 ; 139 N. Y. 543.)

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment affirmed, with costs.