(35 Misc. Rep. 342.)

## BATES v. HOLBROOK et al.

(Supreme Court, Special Term, New York County.　June, 1901.)

MUNICIPAL CONTRACTOR—LIABILITIES.

    A contractor with a city for a public improvement is not liable for substantial damages to an individual because of a structure erected in connection with such improvements in front of plaintiff's hotel, thereby injuring the business of plaintiff, unless it appears that the work was negligently or unskillfully performed, or that the private rights of plaintiff have been unreasonably encroached upon.

Action by Benjamin L. M. Bates against Frederick Holbrook and others for an injunction.　Complaint dismissed.

John Delahunty, for plaintiff.
James A. Dunn, for defendants.

SCOTT, J.　The plaintiff is the lessee of a hotel on the northerly side of Union Square, in the city of New York.　His lease expires in 1906.　His premises have a frontage of 121 feet on Union Square and 168 feet on Fourth avenue.　The building is five stories in height, and contains some 200 rooms, several restaurants, a café, and bar.　The park known as "Union Square," as designated by law, extends to the northerly limit of the prolongation of the thoroughfare which, to the westward of Broadway and the eastward of Fourth avenue, is known as "Seventeenth Street."　Laws 1832, c. 89.　So much of the Union Square as is laid out as a park is of oval shape, and so situated that there is in front of plaintiff's hotel a paved place, used as a thoroughfare for vehicles, and about 150 feet in width.　Seventeenth street, east of Fourth avenue and west of Broadway, is 60 feet in width, the roadway being about 40 feet wide.　The defendants are the subcontractors for the construction of that portion of the so-called Rapid Transit Subway or tunnel which runs from the center of Great Jones street to the center of Twenty-Third street.　Under a permit from the park department, they have erected from the paved place in front of plaintiff's hotel the structure complained of in this action.　They have inclosed with board fences a space 100 by 120 feet, in which they have erected buildings, and placed boilers, forges, and machinery to furnish power and appliances for the prosecution of the work under their contract.　The inclosed space is also used as a storage place for tools and machinery, and as headquarters for the transaction of defendants' business.　The structure is so erected as to leave in front of plaintiff's hotel a paved carriageway of the same width as is the carriageway of Seventeenth street east of Fourth avenue and west of Broadway.　There is no doubt whatever that the erection and maintenance of the structures complained of have resulted, and will during their continued maintenance result, in serious loss and damage to the plaintiff.　The work upon which the defendants are engaged is an important pub-

lic work, upon which it is necessary to use power, machinery, tools, and men. It is a general rule that contractors with a municipality who are engaged upon such a work are not liable for consequential damages to a private individual unless it appears that the work has been negligently, carelessly, or unskillfully performed, or that private rights have been unreasonably encroached upon. Atwater v. Trustees, 124 N. Y. 602, 27 N. E. 385; Benner v. Dredging Co., 134 N. Y. 156, 31 N. E. 328, 17 L. R. A. 220; Lester v. Mayor, etc. (Sup.) 29 N. Y. Supp. 1000, affirmed in 150 N. Y. 578, 44 N. E. 1125. The evidence shows that the use of the public property by the defendants, of which the plaintiff complains, is merely temporary, being limited by the time necessary for the completion of the work upon which the defendants are engaged. Herein the case, as presented by the evidence, differs from the long line of authorities cited by the plaintiff, in which permanent structures, even if erected under authority of law, have been condemned when they have occupied lands appropriated to public use, or have injuriously affected private property. Laws 1891, c. 4, § 24, subd. 5, authorizes the use of public parks and squares for the exercise of such temporary privileges as the proper authorities may grant to facilitate the construction of the subway. That section by necessary implication conferred upon the proper authority power to grant the temporary privileges. The proper authority in the borough of Manhattan is the commissioner for that borough, who by section 612 of the Greater New York charter is given the charge and management of the parks within his borough. No action by the park board was necessary to authorize the issue of a permit by him, because the legislature itself had conferred power upon him. The testimony does not cause it to appear that the defendants' erection and use of the structure complained of has been unreasonable, or that they are conducting their operations negligently, unskillfully, or carelessly. On the contrary, it appears that, considering the nature and extent of the work to be performed, and assuming that the erection and use of the structures are not contrary to law, the defendants are carrying on the work with as little resulting injury to private property as could reasonably be expected. It was attempted to be shown that the work could be conducted practically as well, and with less injury to this particular plaintiff, if the defendants' plant were placed elsewhere, or were subdivided into a number of smaller plants distributed along the line of the work. Undoubtedly this might be done, but it does not appear that the aggregate damage produced thereby would be lessened, but only that the loss which now falls upon the plaintiff would be cast upon others. The defendants are engaged upon a public work, under public authority. The necessity and proper place for the construction of the operating plant were matters to be determined by the contractor and the public authorities under whose supervision and direction the work was to be performed. There is no evidence that they have not acted in good faith, and consequently their exercise of discretion in those respects is not open to review. At-

water v. Trustees, supra. The plaintiff, although unquestionably injured, is not, in my opinion, entitled to either damages or an injunction. The complaint must therefore be dismissed upon the merits, with costs.

Complaint dismissed, with costs.