SIMON HERMAN, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY and THE NEW YORK ELEVATED RAILROAD COMPANY, Appellants.

*Proper form of judgment in an abutter's action to restrain the operation of an elevated railroad and for damages.*

A judgment in an action in equity brought by the owner of a leasehold estate to enjoin and restrain the operation of an elevated railroad in front of the leasehold premises, and to recover damages resulting therefrom prior to the commencement of the action, which grants no injunction and awards a gross sum covering both past and future damages, and directs that the plaintiff have execution therefor, and further provides that, if the defendants shall pay the award within thirty days after the service of a copy of the judgment, the plaintiff shall

deliver to the defendants a conveyance of the easements appropriated by them, together with a release of all liens affecting the plaintiff's leasehold, is improper.

In such a case the court should determine the amount of the past damages, and then determine as a separate fact the amount of damages which the plaintiff will sustain if the trespass be permanently continued, and provide that if such future damages are not paid within a specified time an injunction restraining the maintenance and operation of the road shall issue.

APPEAL by the defendants, The Manhattan Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of June, 1900, upon the decision of the court rendered after a trial at the New York Special Term.

*Arthur O. Townsend,* for the appellants.

*Edwin M. Felt,* for the respondent.

McLAUGHLIN, J. :

This action was brought by the owner of a leasehold estate to enjoin and restrain the defendants from maintaining and operating their elevated railroad in front of plaintiff's premises, and for damages sustained prior to the commencement of the action for such maintenance and operation. The plaintiff had a judgment and the defendants have appealed.

We think the judgment should be reversed. The action is the usual one in equity to restrain the operation of the defendants' railroad and to recover damages sustained prior to the commencement of the action by reason thereof. The trial court found that the maintenance and operation of defendants' road interfered with the easements of light, air and access to plaintiff's premises and by reason thereof " That this plaintiff, by the taking of said easements, has, from the 6th day of May, 1892, down to the date of the trial of this action, to wit: June 5th, 1900, sustained a loss in the rental value of said premises number 90 Third avenue, over and above the value of any and all general and special benefit to said premises arising from the construction, maintenance and operation of said elevated railroad in front of them, *and in the value of the easements appurtenant to the unexpired term of his said lease,* in the sum, Thirty-five hundred dollars."

The judgment entered upon this decision, from which the appeal is taken, adjudged and decreed that the plaintiff recover of the defendants the " sum of Three thousand five hundred and ten and 50/100 dollars ($3510.50/100) including interest thereon from June 5th, 1900, the date of the trial herein, together with the sum of One Hundred and thirty-four dollars ($134.00/100), his costs and disbursements as taxed by the Clerk of this Court as aforesaid, in all the sum of Three thousand six hundred and forty-four and 50/100 dollars ($3644.50/100), *and have execution therefor.*"    The judgment further provided : " It is further ordered that if the defendants shall, within thirty days after the service of a copy of this judgment, pay the amount thereof, with interest to date of payment, the plaintiff shall, upon receiving such payment, execute, acknowledge and deliver to defendants a conveyance or grant of so much of the property of the plaintiff in Third avenue, in front of No. 90 Third avenue, and of the easements appurtenant thereto, as has been taken and appropriated by defendants for the purpose of their said structure or railroad, with a release of the lien of all mortgages or incumbrances upon or affecting plaintiff's lease or leasehold interest."

No authority either in this court or in the Court of Appeals, so far as we have been able to discover, sanctions a judgment in this form, in an action of this kind.    An injunction is not granted, but an award is made of a gross sum for past and future damages.    How much for the past or how much for the future damages nowhere appears, and it cannot be ascertained either from the judgment or from the decision upon which the same was entered.

In *Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 N. Y. 98) it was held that any party who has suffered damages by the construction or operation of a railroad in front of his premises may sue and recover his damages as often as he chooses, " once a year or once in six years and have successive recoveries for damages," and that such owner may enjoin the operation of the railroad to restrain its trespassing upon his easements of light, air and access.    If the action be brought solely to recover damages, then the plaintiff can only recover past damages, but if it be in equity, solely to enjoin the trespass, then no damages can be awarded.    If, however, the action be brought in equity, as this one was, to restrain the trespass and also to recover for past damages, then the court may award a sum

sufficient to reimburse the plaintiff for past damages and determine the amount of damages which the owner of the premises will sustain if the trespass be permanently continued, and provide that upon payment of the latter sum the plaintiff shall convey to the defendant the property right which it has taken.

The rule of law applicable to plaintiff's right in an action of this kind was tersely stated in *Pappenheim* v. *Metropolitan Elevated R. Co.* (128 N. Y. 436) as follows : " In an action at law, the owner of the property interfered with or trespassed upon, cannot recover damages to his premises based upon the assumption that such trespass is to be permanent. He can recover only the damages which he has sustained up to the commencement of the action. The judgment entered for the damages sustained does not operate as a purchase of the right to continue the trespass. But the owner may resort to equity for the purpose of enjoining the continuance of the trespass and to thus prevent a multiplicity of actions at law to recover damages ; and in such an action the court may determine the amount of damage which the owner would sustain if the trespass were permanently continued and it may provide that upon payment of that sum the plaintiff shall give a deed, or convey the right to the defendant and it will refuse an injunction when the defendant is willing to pay upon the receipt of a conveyance. The court does not adjudge that the defendant shall pay such sum and that the plaintiff shall so convey. It provides that if the conveyance is made and the money paid, no injunction shall issue. If defendant refuse to pay, the injunction issues. * * * But it is enough to say that in the cases where permanent damage is to be paid there is a condition that a conveyance shall be made and the defendant thus secures title to the property used. * * * The plaintiff, if he receive the amount of the permanent damage, is by the court compelled to convey the interest to the defendant, which the defendant pays for in that way. Condemnation proceedings are thus avoided. It is conclusively determined that the trespass is to be continuous, and defendant concedes it when it avails itself of the condition and pays the permanent damage in order to receive the conveyance. It is only in this way that the owner recovers as for a permanent damage to his property."

The injunction and the alternative damages are in effect a substi-

tution for condemnation proceedings and nothing else (*American Bank Note Co.* v. *New York Elev. R. R. Co.*, 129 N. Y. 252), and the principle to be applied in making an award for future damages, in order to obviate the injunction, is the same as in condemnation proceedings under the statute. (*Sperb* v. *Metropolitan Elevated R. Co.*, 137 N. Y. 155.)

These authorities and many others that might be cited were entirely disregarded in the decision made and the judgment entered in this action. Here, as already said, no injunction was granted, but instead a gross sum was awarded for both past and future damages and the plaintiff was given execution to collect the same. The provision inserted in the judgment to the effect that, if the defendants should pay the amount awarded within thirty days after service of a copy of the judgment, with interest, etc., the plaintiff should execute and deliver a conveyance of the easements appurtenant to the premises referred to, which had been taken and appropriated by defendants for the purpose of their railroad with a release of the lien of all mortgages upon or affecting plaintiff's lease or leasehold interest, is practically of no effect so far as it might be necessary to protect the defendants' interest in the subject-matter of the litigation. That provision only continues for thirty days, and, in case payment is not made within that time, then the right is forfeited and plaintiff can issue an execution and collect the full amount of his judgment, in which case no provision is made for a conveyance. And it will also be observed that the obligation to pay is not made conditional in any manner upon the receipt of the conveyance of the easements taken, and if the plaintiff, prior to such payment, has disposed of his interest in the premises, it is difficult to see how such easements or any right or interest therein could be obtained by the defendant. Nevertheless, they must pay according to the directions of the judgment, and, if they saw fit to cease to trespass upon the plaintiff's premises, they must, nevertheless, pay the damages awarded.

The court should have determined the past damages sustained and then have determined, as a separate fact, the amount of damages which the plaintiff would sustain if the trespass were permanently continued and have provided that, if the future damages be not paid within a time specified, that an injunction issue, and, it having

failed to do this, it follows that the judgment must be reversed and a new trial ordered, with costs to the appellants to abide the event of the action. This conclusion renders it unnecessary to consider the other questions raised by the appellants.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.