MARCH, Appellant, v. CITY OF NEW YORK et al., Respondents. (Supreme Court, Special Term, New York County. August 27, 1901.) Action by James E. March against the city of New York and others. Judgment for defendants. For opinion in appellate division, see 74 N. Y. Supp. 630. William P. Burr, for plaintiff. Theodore Connoly, for defendant city of New York. De Lancey Nicoll, for defendant contractors. Edward M. Shepard, for defendant rapid transit commissioners.

BISCHOFF, J. From the allegations of the complaint it is apparent that the work of excavation adjacent to plaintiff's premises, for the purposes of the underground railway, is performed in purported compliance with the statute whereby the construction of the railway was authorized, and no departure from the lawful authority thus given is suggested sufficiently to call for answering averments upon the part of the defendants. So far, therefore, as injury is asserted to arise from the loss of the customary means of access over the street, or from a polluted condition of the air, due to the presence of the excavation, no ground for an injunction is presented; the injury being traced merely to the proper performance of work entailing temporary inconvenience, but prosecuted in the interest of the public under due legislative and municipal authority. Uppington v. City of New York, 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550; Atwater v. Trustees, 124 N. Y. 602, 27 N. E. 385; Bates v. Holbrook, 35 Misc. Rep. 342, 71 N. Y. Supp. 1013. The papers afford no basis for the conclusion that the maintenance of this railway under the street, when completed, will, or necessarily should, amount to a use inconsistent with street purposes; and I cannot hold, as matter of law, that the prosecution of the work will ultimately impose a burden upon the property owners such as would amount to an unconstitutional encroachment upon their rights of property. As to the claim of a right to lateral or subjacent support, it does not appear that the plaintiff's land, apart from the building, is endangered, and no right to support for the building from adjacent land exists, at least in the absence of some express grant (Radcliff's Ex'rs v. Mayor, etc., 4 N. Y. 195, 53 Am. Dec. 357), or possibly by prescription under special circumstances (Dorrity v. Rapp, 72 N. Y. 309). The allegation of the complaint that the plaintiff is entitled to such support amounts to a conclusion of law, not borne out by the facts pleaded, and is unsubstantiated by any matter contained in the moving affidavits. Therefore no right is set forth which can properly call for the issuance of an injunction upon this head. It being alleged that the fee of the street is in the

defendant the city of New York, and the work complained of being in pursuance of such authority as the city had in its power to give under the contract, no trespass is disclosed in the destruction of the vault, maintained presumptively by virtue of a license from the city. As matter of law, the plaintiff could have no right to possession of this portion of the street as against the city, and as matter of fact the only reasonable inference from the averment is that any existing license for the use of the vault was revoked by the municipal authorities when the contract for this work was entered into. It is alleged directly, however, that the defendants threaten to enter upon plaintiff's premises for the purpose of underpinning his building, and to the extent that an intended trespass is thus disclosed a case for an injunction is presented, prima facie, should the plaintiff insist upon obtaining an order which cannot, under the circumstances, be of apparent benefit to him. In accordance with the understanding at the argument, leave will be given to defendants to submit answering affidavits upon the question of this threatened trespass, the motion in other respects being denied, or, should the plaintiff so elect, an order denying the motion may be presented, with a recital of the withdrawal of the claim to an injunction as to the threatened entry for the purpose of protecting the building.