(69 App. Div. 1.)

## MARCH v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

INJUNCTION—RESTRAINING TRESPASS TO REAL PROPERTY—REMEDY AT LAW— ADEQUACY.

> An owner of property abutting on a street is not entitled to a temporary injunction restraining the city and board of rapid transit commissioners from entering upon his premises and underpinning his buildings, when it appears that such entry and underpinning are necessary to prevent the buildings falling into the excavations made under the authority of the rapid transit act; the owner having an adequate remedy at law for any trespass to his premises.

Appeal from special term.

Suit by James E. March against the city of New York and others. From orders denying a temporary injunction, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

William P. Burr, for appellant.

Theodore Connoly, for the city.

Edward M. Shepard, for commissioners.

Delancey Nicoll, for contractors.

PER CURIAM. The action was brought to restrain the defendants from entering upon plaintiff's premises, on the northeast corner of Elm and Spring streets, and underpinning his buildings, and from making excavations in the streets in front thereof for their underground rapid transit railroad, tunnel, and station. It is conceded that the city owns the fee in the streets, that the board of rapid transit railroad commissioners was empowered by the legislature to enter into the contract under which the work is being done for and on behalf of the city, and that the rapid transit act authorized the board to acquire any real estate or appurtenant easements necessary to be acquired for the purpose of constructing the railroad. Furthermore, no complaint is made that the contractors engaged in the work are doing it improperly or carelessly, but the plaintiff stands squarely on the position that, as an abutting property owner, he has certain easements in the street, which are being interfered with and destroyed. He insists that the failure of the rapid transit act to provide compensation to him for the taking of these easements renders it unconstitutional, and that there is nothing in the act which, without making compensation, entitled the defendants to invade his premises and remove the soil from under his buildings and foundation walls for the purpose of underpinning the same, thereby endangering them and destroying his cellars and subcellars.

We desire to add nothing to what was stated in the opinion of Judge Bischoff [1] on the original motion, who decided these various contentions against the plaintiff, except with regard to the right of the defendants to enter the premises for the purpose of underpinning the buildings, and who said that to that extent "a case

---

[1] 74 N. Y. Supp. 1151.

for an injunction is presented, prima facie." Leave was then given to the defendants, however, to submit affidavits upon this matter, and the subject was thereafter considered by another judge, when it appeared that, if underpinning were not provided, it was probable that the buildings would tumble into the excavation; thus causing not only the destruction of the buildings, but danger to the public. Considering the depth to which the defendants had to excavate, they were bound, under the law, to ask the consent of the plaintiff, and at their own expense to shore up his buildings. The plaintiff, however, resting on his strict legal rights, refused such consent, and therefore it was evident that, without injury to the property and danger to the public, the work could not proceed unless the defendants placed underpinning beneath the buildings. Upon these facts, we think that they were justified in resorting to that course in order to prevent the consequences that would otherwise ensue; and if, to accomplish this object, they have made an unauthorized entry on plaintiff's premises, and have damaged his cellars and subcellars, they are liable therefor in damages. As the plaintiff may thus recover compensation to the extent he can show he has been damaged, we do not think, under the peculiar circumstances presented, though there may be a technical trespass (which we do not decide, but leave to be determined on the trial), that the defendants should be enjoined in the meantime from carrying on what is conceded to be an important public work.

The order accordingly should be affirmed, with costs.

(69 App. Div. 92.)

### TILLEY et al. v. COYKENDALL.

(Supreme Court, Appellate Division, First Department.    February 7, 1902.)

JUDGMENT AGAINST CORPORATION—ENFORCEMENT AGAINST INDIVIDUAL.-
 Judgment against B., a corporation, for negligent management of its tug, S., cannot be enforced by equity suit against C., on allegations that, in the action against B., service was made on C. on the belief that he was president of B.; that C. demanded and obtained a copy of the complaint therein, and an answer was interposed admitting incorporation of B., and its ownership and possession of the tug, and, on trial of question of negligence, judgment was rendered against B.; that, prior to the act of negligence, C. purchased all the stock, bonds, and property of B., the stock and bonds to remain in possession of a third person till full payment, which was after the judgment against B.,—the stock, however, being delivered before the trial and such judgment; that, at the time of the negligence, C. was in possession of all the property of B., operating it for his own benefit under the name of B.; and that after said purchase the corporate organization of B. was not maintained; it not being alleged that C. holds any property of B. as trustee, or has acquired any property liable to satisfaction of claims against B.

 Laughlin and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Action by James Tilley and others against Samuel D. Coykendall. From a judgment sustaining a demurrer to the complaint (71 N. Y. Supp. 457), plaintiffs appeal. Affirmed.