(158 App. Div. 726.)

### PANAMA REALTY CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   November 7, 1913.)

1. NUISANCE (§ 25*)—CREATION.
    A right to maintain a nuisance by operating machinery so as to injure adjoining property by the jar, etc., is in the nature of an easement, since it permits an act, as to the property injured, which, if not authorized by grant or license, would be a nuisance or trespass, and hence such a right could only be acquired by grant or prescription, and was not acquired under a decree for damages in favor of a former owner in an action against the person maintaining the nuisance.
    [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 5, 60–63; Dec. Dig. § 25.*]

2. EASEMENTS (§ 1*)—CREATION.
    An easement can only be created by grant or by a prescription, which presupposes a grant.
    [Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 1, 2, 5–7; Dec. Dig. § 1.*]

3. LICENSES (§ 44*)—TERMINATION—CONVEYANCE OF PROPERTY.
    A distinction between an easement acquired by grant and a similar right acquired by license from the landowner is that a conveyance of the land by the licensor, ipso facto, terminates the license.
    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 97–99; Dec. Dig. § 44.*]

Appeal from Trial Term, New York County.

Action by the Panama Realty Company against the City of New York.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Max L. Schallek, of New York City, for appellant.
William E. C. Mayer, of Brooklyn, for respondent.

SCOTT, J.   Plaintiff is the owner of a lot of land, with a building thereon, known as No. 102 West Ninety-Eighth street in the city of New York.   Adjacent thereto is a lot of land owned by the city of New York, which has erected thereon and used for a number of years a pumping station in connection with its water supply system.   The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff complains that said pumping plant is so constructed and operated as to cause constant and serious injury to its property by shaking, jarring, and noise—in short, that the said pumping plant constitutes a nuisance in so far as it affects plaintiff's property. Although the merits were not gone into upon the trial, it seems probable that plaintiff's complaint is well founded. Vide, Morton v. Mayor, etc., 65 Hun, 32, 19 N. Y. Supp. 603; s. c. 140 N. Y. 207, 35 N. E. 490, 22 L. R. A. 241.

The defense upon which the plaintiff has thus far succeeded is based upon the recovery and satisfaction of a judgment against the city by one Sarah Levy, who at one time owned the property now owned by plaintiff. The judgment in question was entered in an action commenced by the said Sarah Levy in the year 1894. As originally drawn, her complaint alleged that defendants' pumping station constituted a nuisance and damaged her to the extent of $12,000. She asked a judgment for her damages and an abatement of the nuisance. At the trial the complaint was amended, by consent, by increasing the amount of damages claimed to $20,000; the same to be in full for all past and future damages in consequence of the wrongful acts of the defendant and their continuance, and in lieu of the injunctive relief demanded by the original complaint. The jury awarded $7,500 damages, and a judgment for that amount was entered in favor of the plaintiff. The judgment was subsequently amended by consent by the addition of the following clause:

"Adjudged, that upon the payment, satisfaction and discharge of said sum of $7,871.20, adjudged due as aforesaid to the plaintiff from the defendants, such payment shall be in full satisfaction and discharge of any and all claims or demands in said amended complaint set forth, and the said defendants, the mayor, aldermen and commonalty of the city of New York, shall be thereupon remised, released, and forever discharged of and from all manner of action and actions, cause and causes of action, suits, damages, judgments, claims and demands whatsoever, in law or in equity, which against the said defendants, the mayor, aldermen and commonalty of the city of New York, the said plaintiff, Sarah Levy, ever had, now has, or which she, *her heirs, executors, administrators, lessees, grantees or assigns hereafter* can, shall or may have for, upon, or by reason of the wrongful acts set forth in said complaint as amended, and the continuance thereof."

The judgment was thereafter paid and satisfied by the defendant. The defendant claims, and the claim has been sustained by the learned justice at the Trial Term, that the effect of this judgment and its satisfaction has been to grant to defendant a perpetual, irrevocable license, good as against all of Sarah Levy's successors in title, to continue to maintain and operate the nuisance in so far as it affects the property now owned by plaintiff. With this conclusion we are unable to agree.

[1] It would be profitless to indulge in an extended discussion of the nature of the right which defendant claims to have acquired to continuously work an injury upon the property owned by plaintiff. It certainly falls within the accepted definition of an easement, or is, as some of the authorities put it, a right in the nature of an easement, for it permits the dominant owner, the city, to do an act which, as to the plaintiff's property, would be, if not authorized by grant or license,

a nuisance or a trespass. 10 Am. & Eng. Encyclopedia of Law (2d Ed.) 405.

[2] An easement, however, can only be created by a grant, or by prescription which presumes a grant, and upon neither of these does the defendant rely. It is certain that the decree entered in the Levy action is not equivalent to a grant by the then owner. It was distinctly so held by this court in a case wherein a very similar judgment was entered against one of the elevated railways (Herman v. Manhattan R. Co., 58 App. Div. 369, 68 N. Y. Supp. 1020), and the same principle has been generally recognized by the form of judgment commonly entered in the Elevated Railway Cases. See Pappenheim v. Metropolitan El. R. Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486. It is clear therefore that defendant cannot claim to have acquired an easement as to plaintiff's property. The most it can claim to have acquired by the decree in the Levy action was a license to continue the nuisance. We need not stop to consider whether, in view of the form of the complaint and of the order entered by consent, the city acquired a license, irrevocable as to Sarah Levy so long as she held the property. Very likely it did, or, speaking more accurately, that she would have been estopped from making a further claim for damages during her ownership.

[3] But an essential and recognized distinction between a right in the nature of an easement acquired by grant, and a similar right acquired by a license from the owner of the land, is that a conveyance of land by a grantor who has given a license to another to enjoy a right in the nature of an easement ipso facto terminates the license. Washburn on Easements (3d Ed.) p. 6.

Our conclusion therefore is that whatever right defendant acquired over plaintiff's property by virtue of the judgment in the Levy action was a license to maintain the nuisance complained of, which license, even if irrevocable during Sarah Levy's ownership of the property, terminated when she conveyed it. If the city had desired to acquire an easement or a right in the nature of an easement, it should have followed the procedure well established in the Elevated Railway Cases. The verdict in favor of defendant was therefore erroneously directed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.